IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONNIE THOMAS,**

        **Applicant,**

**v.**                                         **CIV-04-0125 JH/LAM**

**ROBERT A. ULIBARRI, et al.,**

        **Respondents.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**PROPOSED FINDINGS**

**THIS MATTER** is before the Court on the *Petition for A Writ of Mandamus* (*Doc. 27*) filed by Applicant Ronnie Thomas on August 29, 2005.  For the reasons set forth below, the undersigned United States Magistrate Judge recommends that the petition be **DENIED**.

    1.    This is a proceeding on an *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*) filed on February 4, 2004, in which Mr. Thomas challenges his conviction and sentence in the State of New Mexico's Second Judicial District Court in *State of New Mexico v. Ronnie Thomas*, Case No. CR-99-0301 (Bernalillo County, New Mexico).  The *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a*

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

***Person in State Custody*** (*Doc. 1*) is ready for ruling.  Mr. Thomas is incarcerated and he appears *pro se*.

2. On March 2, 2005, the undersigned Magistrate Judge ruled on several pending motions in this case and ordered Respondents to forward to this Court all state court records and transcripts in Mr. Thomas' state court proceeding, including all records and transcripts of pretrial proceedings, and authenticated copies of all police reports concerning the incident which gave rise to his state court conviction.  These materials, including a ten-volume transcript and copies of police reports, were filed with this Court on May 25, 2005, and delivered to the undersigned on June 22, 2005.  The undersigned is reviewing these materials and preparing a recommendation to the presiding judge in this case on the disposition of the merits of Mr. Thomas' ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) and the merits of Respondents' motion to dismiss the application.[2]

3. In his ***Petition for a Writ of Mandamus*** (*Doc. 27*), Mr. Thomas asks the Court, in essence, to order itself to hold an evidentiary hearing on the merits of his ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) and then rule on the merits of the application.[3]  He also asks the Court to order Respondents to produce certain

---

[2]The motion to dismiss is contained in Respondents' ***Response to Motion to Compel; Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred and Without Merit*** (*Doc. 27*).

[3]Mr. Thomas previously filed two motions for evidentiary hearing in this case which were denied, without prejudice, as premature, because the Court, pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts, will determine whether an evidentiary hearing is warranted after reviewing the state court record and the police reports.  *See* ***Motion for Evidentiary Hearing*** (*Doc. 13*), ***Motion to Amend to [sic] Evidentiary Hearing*** (*Doc. 20*) and ***Memorandum Opinion and Order*** (*Doc. 22*).

unspecified information to him,[4] and repeats arguments made previously on the merits of his ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*).

    4.    A writ of mandamus under 28 U.S.C. § 1651(a) is a drastic remedy. *Pindus v. Fleming Companies, Inc.*, 146 F.3d 1224, 1226 (10th Cir. 1998). It is only invoked in extraordinary situations and will not issue unless the petitioner "has no other adequate means to attain the relief he seeks, and unless his right to the issuance is clear and indisputable." *Id.* (*internal quotation and citation omitted*). Moreover, mandamus aimed at judicial tribunals must be directed to inferior courts and a court has no jurisdiction to issue mandamus against itself. *See 52 Am. Jur. 2d Mandamus § 302* (*2005*). Furthermore, the federal district courts lack jurisdiction to issue mandamus directing state agencies and state officials in the performance of their duties. *See Nelson v. Tulsa County 14th Judicial District*, 124 F.3d 217 (Table), 1997 WL 572827 at \*\*1 (10th Cir. 1997) (unpublished) (federal district courts lack jurisdiction to grant a writ of mandamus against state officials); *see also Cauthon v. Finney*, 81 F.3d 172 (Table), 1996 WL 145680 at \*\*1 (10th Cir. 1996) (unpublished) (28 U.S.C. §§ 1361 and 1651 do not give federal district courts jurisdiction to grant mandamus relief against state officials).

---

[4]The ***Petition for A Writ of Mandamus*** (*Doc. 27*) refers to, and appears to seek production of, information described in Mr. Thomas' ***Motion for Evidentiary Hearing*** (*Doc. 13*) and ***Motion to Amend to [sic] Evidentiary Hearing*** (*Doc. 20*), which were previously ruled on, without specifying the information that Mr. Thomas wants Respondents ordered to produce. The petition also makes general reference to written or recorded statements made by a defendant that are within the possession and custody or control of the government, to oral statements made by a defendant which the government intends to offer in evidence at trial, and to recorded testimony of a defendant and agent before a grand jury, without specifying the statements or testimony that Mr. Thomas wants Respondents to produce

5.        Because the Court cannot enter mandamus against itself to hold an evidentiary hearing in Mr. Thomas's case and, thereafter, rule on the merits of his habeas corpus application, this relief sought by Mr. Thomas is not available by way of mandamus.  Additionally, even if Mr. Thomas' petition specifically identified the information that he seeks from Respondents, which it fails to do, this Court would not have jurisdiction to order Respondents, by way of mandamus, to produce those materials to him because Respondents are state officials.  Thus the undersigned recommends that Mr. Thomas' petition for mandamus be **DENIED**.

6.        Finally, the undersigned notes that Mr. Thomas filed a letter (*Doc. 31*) with the Court on September 19, 2005, which was docketed as a motion asking the Court to rule on his *Petition for a Writ of Mandamus* (*Doc. 27*).  Because Mr. Thomas' *Petition for A Writ of Mandamus* (*Doc. 27*) will be ruled on in connection with these Proposed Findings and Recommended Disposition, that motion should be **DENIED** as moot.

### RECOMMENDED DISPOSITION

For the reasons set forth above, the Court recommends that Mr. Thomas' *Petition for A Writ of Mandamus* (*Doc. 27*) be **DENIED**, and further recommends that his letter (*Doc. 31*), filed on September 19, 2005, and docketed as a motion asking the Court to rule on his *Petition for A Writ of Mandamus* (*Doc. 27*), be **DENIED** as moot.

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**